THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK LOESER & Co., INC., Respondent, *v.* HENRY M. GOLDFOGLE et al., as Commissioners of Taxes and Assessments of the City of New York, Appellants.

(Argued October 17, 1928; decided November 20, 1928.)

*George P. Nicholson, Corporation Counsel (William H. King* and *Harry S. Lucia* of counsel), for appellants. The Appellate Division erred in holding that plottage value did not exist where the lots were adequately improved and in reducing the assessments by eliminating the valuation for plottage included by the defendants in fixing the assessed valuation of the land. (*People ex rel. Penn., N. Y. & L. I. R. R. Co.* v. *O'Donnel,* 130 App. Div. 734.) The elimination of valuation for plottage because plots are adequately improved, is contrary to reason, the common custom of real estate appraisers and the decisions of the courts. (*People ex rel. Pennsyl-*

*vania, N. Y. & L. I. R. R. Co.* v. *O'Donnel,* 130 App. Div. 734; *Matter of Erlanger,* 206 App. Div. 148; *People ex rel. Abrast Realty Co.* v. *Cantor,* 211 App. Div. 870.)

*Edward M. Grout, Charles B. La Voe* and *Paul Grout* for respondents. It is error to allow plottage value where the land is adequately improved and where the improvements are also assessed at full value, when there is no evidence that the property, as improved, can be more advantageously disposed of or sold, because of its size. (*Matter of Armory Board,* 73 App. Div. 152; *People ex rel. Penn., N. Y. & L. I. R. R. Co.* v. *O'Donnel,* 130 App. Div. 734; *Matter of Erlanger,* 206 App. Div. 148; 237 N. Y. 159; *People ex rel. Abrast Realty Co.* v. *Cantor,* 211 App. Div. 870.)

KELLOGG, J. The relator occupies, as owner or tenant under a long lease, a parcel of land in the borough of Brooklyn. The parcel consists of two separate but contiguous lots. Upon them, occupying almost an entire city block, stands a department store building in which the relator conducts a large mercantile business. In the years 1922 and 1923 the defendants made assessments of the two lots separately, stating, as required by law, the value of each lot exclusive of buildings, and its value inclusive of buildings. In making their valuations of the land in each lot exclusive of improvements the defendants, Commissioners of Taxes and Assessments, included a " plottage " value of ten per cent upon the total footage value of the lot. Where two or more contiguous lots are held in one ownership, real estate men frequently accord to them, as a group, a greater value than the aggregate value of the lots separately considered, on the ground that they admit of a larger and more advantageous disposition or improvement than a single lot. (*People ex rel. P., N. Y. & L. I. R. R. Co.* v. *O'Donnel,* 130 App. Div. 734.)

This added value is called "plottage" and is determined by a percentage calculation upon valuation figures otherwise ascertained. All the parties to these proceedings agree that the lots in question, if they had been unimproved, would have had a "plottage" value of ten per cent. The relator contends, however, and with this contention the Appellate Division has agreed, that the lots, not having been unimproved, were not possessed of a "plottage" value for the purposes of assessment. The relator reasons that the land itself, having already been adequately improved, was not adapted to any plan of advantageous development as a large unit and, therefore, was without "plottage" value. This is the equivalent of saying that where a parcel of land, having a special value because of its adaptability to a particular building plan, is actually built upon in accordance with that plan, there is a definite loss of value, since the realization of the project makes impossible the attainment in future of the same project. In other words, there is a loss of value when "adaptability" becomes "adaptation." To such reasoning we cannot give our assent. According to the concession of the parties the parcel in question had been adequately improved. The peculiar value, attaching to a large development, which in prospect may once have belonged to the land itself, is now actually present as an attribute of the improved real estate owned by the relator. It is immaterial whether this value now appertains to the land itself or to the buildings upon the land. It is clearly present in the relator's property as a completed whole. While the Tax Law (Cons. Laws, ch. 60) requires that land be assessed to indicate its value inclusive as well as exclusive of buildings, it nevertheless provides: "The total assessment only can be reviewed." (Tax Law, sec. 21, subd. 3.) The relator has attacked the total assessment in this instance only as it has attacked the land valuation proper because of its inclusion of "plottage." We are content to hold that, as

"plottage" is properly included in the total assessment, the assessment was correctly made.

In the proceedings affecting blocks 158 and 159, the orders of the Appellate Division should be reversed and those of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur.

Ordered accordingly.